RECEIVED
USDC CLERK, CHARLESTON, SC
2007 DEC 28  A 8:11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard A. Todd, | C. A. No. 2:07-1104-RBH-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff, Richard A. Todd, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for disability insurance benefits on March 8, 2004, alleging that he became disabled on December 16, 2002, due to problems with his back, leg and hip. The application was denied initially and on reconsideration by the Social Security Administration. The plaintiff filed a request for a hearing on February 18, 2005. The administrative law judge before whom the plaintiff appeared with counsel, his mother, Sara Todd, and Sondra Henry, a vocational expert,

considered the case de novo, and on December 29, 2005, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 18-31). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on March 1, 2007.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant's degenerative disc disease is a "severe" impairment, based upon the requirements in the Regulations (20 CFR § 404.1520(c)).
>
> 4. This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1 Subpart P, Regulation No. 4.
>
> 5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The claimant has the residual functional capacity for sedentary work. The claimant is able to lift no more than ten pounds at a time and occasionally lift or carry articles like docket files, ledgers, and small tools. He can sit for six hours in an eight-hour workday and walk and stand for the remainder. He is not to climb, crawl, or balance. He can occasionally kneel, crouch, and stoop. He can occasionally reach

2

>overhead with his dominant arm. He is to have a sit/stand option at will. The work he performs is to be in a non-sequential production line setting. He is not to have exposure to crowds. He is not to engage in constant manipulation with his dominant hand.
>
>7.  The claimant is unable to perform any of his past relevant work (20 CFR § 404.1565).
>
>8.  The claimant is a "younger individual" (20 CFR § 404.1563).
>
>9.  The claimant has a "high school education" (20 CFR § 404.1564).
>
>10. The claimant has no transferable skills.
>
>11. The claimant has the residual functional capacity to perform a significant range of sedentary work (20 CFR § 404.1567).
>
>12. Although the claimant's exertional limitations do not allow him to perform the full range of sedentary work, using Medical-Vocational Rule 201.27 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include work as inspector and as a surveillance system monitor.
>
>13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(g)).

Tr. 29-30.

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can expected to result in death or which has lasted or can be expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence. See Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as evidence which a reasoning mind would accept as sufficient to support a particular

4

conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

In short, the only issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence and proper legal standards have been applied.

## DISCUSSION

A review of the record and relevant case law reveals that this matter should be reversed and remanded to the Commissioner to properly consider the plaintiff's allegations of pain and other subjective complaints, and to fully and fairly consider the reports of examining psychologist Dr. Mady and examining orthopedist Dr. Johnson.

## PAIN EVALUATION

The plaintiff argued that the administrative law judge did not properly evaluate the plaintiff's pain. In evaluating a claim of pain, the administrative law judge should determine whether the claimant has produced evidence of a condition that could be expected to produce the pain alleged. See, Craig v. Chater, 76 F.3d 585, 594-96 (4th Cir. 1996). Once medical evidence is produced supporting the existence of a condition that could reasonably produce pain, the administrative law judge must assess the effect of pain on the claimant's residual functional capacity. See, Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir.1986).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the adjudicator must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities;
>
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
>
> 3. Factors that precipitate and aggravate the symptoms;
>
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

Here, the administrative law judge wrote, "The undersigned finds the testimony of the claimant and his mother are not fully credible concerning the severity of the claimant's symptoms and the extent of his limitations. Neither the severity not the extent is supported by the objective medical evidence of record."

Tr. 25. This reasoning is legally erroneous under the Fourth Circuit. It is well established that subjective complaints may be the basis for an award, providing there is medical evidence of a condition that can produce the symptoms alleged; it is not necessary to have medical evidence of the existence of the symptom itself or of its nature or severity. <u>Jenkins v. Sullivan</u>, 906 F.2d 107 (4th Cir. 1990); <u>Hyatt v. Sullivan</u>, 899 F.2d 329 (4th Cir. 1990).

The administrative law judge found that Plaintiff has degenerative disc disease causing anomalies at four levels of the lumbar spine, including disc herniation and narrowing, shown on repeat MRI's. In turn the MRIs were described as "congruent with pain (Tr. 145-148) and "consistent with previous pain." (Tr. 84-85). At that point, the administrative law judge must assess the effect of pain on the claimant's residual functional capacity. <u>See</u>, <u>Foster v. Heckler</u>, 780 F.2d 1125, 1129 (4th Cir. 1986). It appears that the administrative law judge erroneously required objective medical corroboration of the existence or severity of pain or other subjective symptoms.

Further, the administrative law judge's decision states that some of plaintiff's allegations are inconsistent with other evidence (Tr. 24); however, the administrative law judge failed to explain what allegation is inconsistent with what evidence. Under both <u>Cook v. Heckler</u>, 783 F.2d 1168 (4th Cir. 1986), and the applicable regulation, SSR 96-7p:

> The finding on the credibility of an individual's

> statements cannot be based on an intangible or intuitive notion about an individual's credibility. The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision. It is not sufficient to make a conclusory statement that "the individual's statements have been considered" or that "the allegations are [or are not] credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms.

The administrative law judge did refer to Plaintiff's hobbies but a review of the record indicates these were Plaintiff's "usual" hobbies engaged in prior to his fall and alleged onset date. (Tr. 93, 225-26, 236). In short, the administrative law judge recited the factors, but did not apply them in any manner reviewable by the court. It cannot be said that substantial evidence supports the administrative law judge's credibility conclusion.

## WEIGHT ACCORDED TO PHYSICIANS' OPINIONS

The plaintiff also asserted that the administrative law judge committed reversible error by disregarding the reports of examining psychologist Dr. Mady and examining orthopedist Dr. Johnson.

Plaintiff underwent a detailed psychological evaluation by Dr. James Mady. Tr. 180-85. This evaluation is based on a comprehensive clinical interview and a battery of common objective psychological tests. The doctor's conclusions are supported by appropriate findings and explanations. The results indicate that Plaintiff experiences anger with significantly

limiting anxiety and a pain disorder with both physical and psychological features. Tr. 186. In a functional assessment questionnaire, Tr. 190-92, Dr. Mady finds unsatisfactory performance in almost all areas, and no useful ability to function in some of the basic mental demands of work as defined by Social Security Ruling 96-9p. The vocational expert agreed that the plaintiff is disabled if any one of numerous limitations found by Dr. Mady is taken into account. Tr. 245-47.

However, the administrative law judge inappropriately rejected this evidence stating that it is not supported by treatment records and because it was obtained by Plaintiff's attorney to document the claim. Tr. 24, 26. That is not a proper rationale. While the law is that non-treating sources are typically given less weight than treating sources, an examining medical source must be considered under the criteria of 20 CFR § 404.1527(d). Additionally, Dr. Mady's report is the only doctor's report of the plaintiff's mental impairments. Specifically, Dr. Mady's evidence should be weighed as coming from a specialist in psychology within his area of expertise, and as being fully explained and supported by extensive clinical evidence and testing. Additionally, it is simply unseemly to intimate that a licensed professional paid by the plaintiff's attorney is biased or incompetent in the total absence of any reason to do so. All physicians and all other professionals involved in this claim have, after all, been paid for their work including the adjudicator himself. Dr. Mady's report should be

9

fully and fairly evaluated.

Likewise, Plaintiff was examined, tested, and evaluated by an orthopedic specialist, Dr. Johnson, and the administrative law judge rejected his opinions. The administrative law judge noted that his "examination was for compensation" and rejected his findings. This court should not validate the Commissioner's assuming with absolutely no evidentiary foundation that Dr. Johnson would be motivated to give false medical evidence for gain. Instead the court should remand the matter so that if the administrative law judge again discounts a medical opinion, the administrative law judge must "provide specific, legitimate reasons for rejecting it." Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). Dr. Johnson's report should be fully and fairly evaluated.

## REMAND OR AWARD BENEFITS

Whether or not to remand or reverse is generally approached on a practical level. Certainly an award of benefits is more appropriate when further proceedings would not serve any useful purpose, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1985). Likewise an award of benefits is appropriate when substantial evidence on the record as a whole indicates that the claimant is disabled, and the weight of the evidence indicates that a remand would only delay the receipt of benefits while serving no useful purpose, or a substantial amount of time has already been consumed. Parsons v. Heckler, 739 F.2d 1334, 1341 (8th Cir. 1984); Tennant v. Schweiker, 682 F.2d 707, 710 (8th Cir. 1982).

Also reversal is appropriate when the Commissioner has had an opportunity to develop the record on an outcome-determinative issue and has failed to produce substantial evidence, <u>Broadbent v. Harris</u>, 698 F.2d 407, 414 (10th Cir. 1983), <u>Tennant</u>, 682 F.2d at 710-711; or where "there is not the slightest uncertainty as to the outcome" and the remand "would be an idle and useless formality."  <u>NLRB v. Wyman-Gordon Company</u>, 394 U.S. 759, 766 n. 6 (1969); <u>Barry v. Bowen</u>, 862 F.2d 869 (4th Cir. 1988).

However, here it appears that remand is appropriate because this is a case "where additional administrative proceedings could remedy defects...".  <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 763 (9th Cir. 1989).  It cannot be said that there is not the slightest uncertainty as to the outcome of the instant action or that the remand would be an idle and useless formality.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and the case is remanded to the Commissioner to fully and fairly consider the plaintiff' allegations of pain and other subjective symptoms and the opinions and findings of Drs. Mady

and Johnson, and to continue the sequential evaluation process. See, <u>Melkonyan v. Sullivan</u>, 111 S.Ct. 2157 (1991).

             Respectfully Submitted,

             Robert S. Carr
             United States Magistrate Judge

Charleston, South Carolina

December 27, 2007