IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Richard A. Todd, | ) | C/A No.: 2:07-1104-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Richard A.Todd, brought this action pursuant to 42 U.S.C. §§ 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th

Cir. 1972). As noted by Judge Soboloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The claimant is a 43-year-old male who has a twelfth grade education. His past work experience includes construction work and electrical wiring. Plaintiff stepped off of a ladder at work, injuring his back. Plaintiff applied for DIB in March of 2004, alleging disability since December 16, 2002 due to back, leg, and hip disorders. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on May 11, 2005. The ALJ thereafter denied plaintiff's claims in a decision issued December 29, 2005. The Appeals Council denied the plaintiff's request for review and the ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff then appealed to the federal district court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision.

Under the Social Security Act, the plaintiff's eligibility for the benefits he is seeking hinges on whether he "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id.* at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.* (4th

Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id*. at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

The ALJ made the following findings in this case:

3

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's degenerative disc disease is a "severe" impairment based on the requirements in the Regulations (20 CFR § 404.1520(c)).

4. This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the residual functional capacity for sedentary work. The claimant is able to lift no more than ten pounds at a time and occasionally lift or carry articles like docket files, ledgers, and small tools. He can sit for six hours in an eight-hour work day and walk and stand for the remainder. He is not to climb, crawl, or balance. He can occasionally kneel, crouch, and stoop. He can occasionally reach overhead with his dominant arm. He is to have a sit/stand option at will. The work he performs is to be in a non-sequential production line setting. He is not to have exposure to crowds. He is not to engage in constant manipulation with his dominant hand.

7. The claimant is unable to perform any of his past relevant work (20 CFR § 404.1565).

8. The claimant is a "younger individual" (20 CFR § 404.1563).

9. The claimant has a "high school education" (20 CFR § 404.1564).

10. The claimant has no transferable skills.

11. The claimant has the residual functional capacity to perform a significant range of sedentary work (20 CFR § 404.1567).

12. Although the claimant's exertional limitations do not allow him to perform the full range of sedentary work, using Medical-Vocational Rule

201.27 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include work as inspector and as a surveillance system monitor.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(g)).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge.  On February 26, 2007, Magistrate Robert S. Carr filed a report and recommendation ("R&R") suggesting that the action should be remanded to the Commissioner to fully consider the plaintiff's allegations of pain and other subjective symptoms and the opinions and findings of Drs. Mady and Johnson and to continue the sequential evaluation process.  The defendant timely filed objections to the R&R on January 17, 2008.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objections is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

**<u>Physician Opinions of Dr. Mady and Dr. Johnson</u>**

In his objections to the R&R, the Commissioner claims the magistrate judge erred in

5

recommending that the case be remanded for further findings as to the opinions of the psychologist, Dr. Mady, and the orthopedist, Dr. Johnson. The defendant argues that the opinion of the treating physician is generally "given great weight as it reflects a judgment based on continuing observation over a number of years" and that "[t]he opinion may be disregarded only if there is persuasive contradictory evidence." (Objections, p. 5).

The Magistrate Judge recommended a remand to the ALJ to properly evaluate the evidence and explained:

> The results (of the psychological evaluation) indicate that Plaintiff experiences anger with significantly limiting anxiety and a pain disorder with both physical and psychological features. . . In a functional assessment questionnaire, Tr. 190-92, Dr. Mady finds unsatisfactory performance in almost all areas, and no useful ability to function in some of the basic mental demands of work as defined by Social Security Ruling 96-9p. The vocational expert agreed that the plaintiff is disabled if any one of numerous limitations found by Dr. Mady is taken into account . . .
>
> However, the administrative law judge inappropriately rejected this evidence stating that it is not supported by treatment records and because it was obtained by Plaintiff's attorney to document the claim. . . That is not a proper rationale. While the law is that non-treating sources are typically given less weight than treating sources, an examining medical source must be considered under the criteria of 20 CFR § 404.1527(d). Additionally, Dr. Mady's report is the only doctor's report of the plaintiff's mental impairments. . .

(Report, pages 8-9).

Prior Fourth Circuit precedent had established the weight which an ALJ must accord to an opinion of a treating physician. Under the "treating physician rule," the opinion of a claimant's treating physician must "be given great weight and may be disregarded only if there is persuasive contrary evidence." *Coffman*, 829 F.2d at 517; *see also Wilkins v. Secretary, Dep't of Health and Human Serv.*, 953 F.2d 93, 96 (4th Cir. 1991); *Foster v. Heckler*, 780 F.2d 1125, 1130 (4th Cir. 1986). On August 1, 1991, the Social Security Administration promulgated a regulation entitled "Evaluating medical

opinions about your impairment(s) or disability." 20 C.F.R. § 404.1527. This regulation supersedes the Fourth Circuit's "treating physician rule." *See Shrewsbury v. Chater*, 1995 WL 592236 at *9 n.5 (4th Cir. 1995) (unpublished) ("As regulations supersede contrary precedent, the cases cited by Shrewsbury defining the scope of the 'treating physician rule' decided prior to 20 C.F.R. § 416 and related regulations are not controlling.") (citation omitted).

The legal standard which applies is contained in 20 C.F.R. § 404.1527. Under section 404.1527, the opinion of a treating physician is entitled to more weight than the opinion of a non-treating physician. It is only given controlling weight, however, if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). This standard, of course, is more stringent than the old "treating physician rule," which accorded a treating physician's opinion controlling weight unless the record contained persuasive evidence to the contrary. *See Coffman*, 829 F.2d at 517.

Under section 404.1527, if an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying five factors identified in the regulation: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 30 C.F.R. § 404.1527(d)(2)(i-ii) and (d)(3)-(5).

In this case, the treating physicians, Drs. Mills and Wilkins, both of whom are orthopaedists, prescribed physical therapy for the plaintiff in an effort to rehabilitate him. Dr. Wilkins referred plaintiff to a "work hardening" program. Dr. Johnson, the orthopaedist retained by the claimant's attorney,

opined that he could not return to employment and needed pain management. Dr. Mady, the psychologist retained by the plaintiff's attorney, concluded he suffered from anxiety, denial, and fear and states that he "is not able to engage in gainful employment or training at this time." The ALJ states that he considered Dr. Johnson's opinion but that he saw him only once, "the examination was for compensation, and his opinion is without substantial support from the other evidence of record, which obviously renders it less persuasive." The ALJ indicates that he also considered the report of Dr. Mady but noted that his evaluation was also "for compensation." He also finds that the report was without substantial support in the record.

The Court agrees with the Magistrate Judge that the ALJ appears to have discounted the opinions of Drs. Mady and Johnson based upon the fact they were hired by the plaintiff's attorney. In addition, the ALJ failed to consider that Dr. Mady was the only doctor who focused on the plaintiff's mental impairments. Finally, the vocational expert stated that the plaintiff should be considered disabled if any one of several limitations found by Dr. Mady are considered. Therefore, the Court agrees that the case should be remanded for further consideration of the opinions of Drs. Mady and Johnson and to continue the sequential evaluation process.

**Evaluation of the Plaintiff's Pain**

Defendant also objects to the recommendation by the Magistrate Judge that the case should be remanded so that the ALJ could properly evaluate the plaintiff's pain.

A claimant must "show objective medical evidence of some condition that could reasonably be expected to produce the pain alleged, not objective medical evidence of the pain itself." *Hines v. Barnhart*, 453 F.2d 559 (4th Cir. 2006). However, "[w]hile objective evidence is not mandatory at the second step of the test, '[t]his is not to say . . . that objective medical evidence and other objective

evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work." *Id*., 453 F.3d at 565, citing *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996).

The ALJ states on page seven of his opinion:

As there is the existence of a medically determinable physical or mental impairment which could reasonably be expected to produce the symptoms alleged by the claimant, the undersigned must evaluate the intensity, persistence, and functionally limiting effects of the symptoms alleged to determine the extent to which the symptoms affect the claimant's ability to do basic work activities.  The undersigned has not required the presence of objective medical evidence in determining the intensity and persistence of the pain and other symptoms alleged. Rather, the undersigned has specifically considered: the nature, location, onset, duration, frequency, radiation, and intensity of any symptom, including pain; the precipitating and aggravating factors; the type, dosage effectiveness, and adverse side effects of any medication; the treatment, other than medication, for relief of pain or other symptoms; the alleged functional restrictions; and the claimant' activities of daily living.  The undersigned has carefully considered the claimant's statements about his symptoms with the rest of the relevant evidence in the case record. **The undersigned finds that the claimant's allegations have been inconsistent with the medical evidence of record, the claimant's reports to his physicians, and the treatment sought and received.**

(ALJ opinion, p. 7, emphasis added).

The ALJ also found that "[n]either the severity nor the extent (of plaintiff's limitations) is supported by the objective medical evidence of record." While the ALJ appears to discuss the proper factors, since the case is being remanded to further consider the opinions of Drs. Mady and Johnson, the Court also instructs the ALJ on remand to explain further the application of the relevant factors regarding pain and to provide additional detail regarding how, if any, the claimant's allegations regarding pain are inconsistent with the medical evidence.

## Conclusion

For the foregoing reasons, all objections are overruled and the report and recommendation of

the magistrate judge is incorporated herein by reference as modified herein. The action is remanded to the Commissioner to properly evaluate the opinion of Drs. Mady and Johnson, properly evaluate the plaintiff's credibility and continue the sequential evaluation process.

The Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case is remanded to the Commissioner for further administrative action.

**IT IS SO ORDERED**.

                                                     s/R. Bryan Harwell
                                                     R. Bryan Harwell
                                                     United States District Judge

September 25, 2008
Florence, South Carolina